# CHARLESTON.

BILLUPS v. MONTENEGRO-REIHMS MUSIC CO.

Submitted January 18, 1910. Decided March 7, 1911.

1. CANCELLATION OF INSTRUMENTS—*Equity—Jurisdiction.*
   Equity has jurisdiction to cancel a contract on the ground of fraud in its procurement.   (p. 16).

2. SALES—*Cancellation of Contracts—Fraud.*
   Equity will not cancel a contract of sale made between parties fully competent to contract, and between whom no confidential relation   exists, on the sole ground that the seller misrepresented the true value of the thing sold and thereby induced the purchaser to buy, unless the price agreed to be paid is so much in excess of the true value as to shock the moral conscience.   (p. 17).

(BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Mingo County.

Bill by Martha Billups against the Montenegro-Reihms Music Company and others.   Judgment for plaintiff, and defendant music company appeals.          *Reversed and Bill Dismissed*

*S. U. G. Rhodes* and *J. S. Miller,* for appellant.

*Stokes & Bronson,* for appellee.

WILLIAMS, PRESIDENT:

This is a suit to cancel a written contract for the purchase of a piano to be paid for upon the installment plan, on the ground that plaintiff's signature to the contract was procured by false and fraudulent representations.   The cause was heard March 23, 1908, in the circuit court of Mingo county upon bill, answer and general replication and depositions taken on behalf of the plaintiff, and a final decree pronounced cancelling and annulling the contract, and giving plaintiff a recovery against the defendant for $50, the amount of money which she had paid on the piano; and decreeing that, upon the repayment of said sum, and the costs of the suit, the plaintiff should return to the defendant or its agent the piano.   From this decree defendant has appealed.

There was a demurrer to the bill which was overruled, and this is assigned as error.   The bill states a good cause for equitable relief and the court committed no error in overruling the de-

murrer. Equity has jurisdiction to cancel contracts affected by fraud, whether such contracts relate to the sale of real estate or personal property. 2 Story's Eq. section 694; Hogg's Eq. Prin., section 48; *Engeman* v. *Taylor,* 46 W. Va. 669; *Ryan* v. *Nuce,* 67 W. Va. 485, (68 S. E. 110); *Fleshman* v. *Hoylman,* 27 W. Va. 728; *Hiatt* v. *Shull,* 36 W. Va. 563.

But we think the proof fails to establish a case of fraud. Plaintiff agreed to pay $250 for the piano, and paid $20 down; she paid $30 more in five separate payments. Plaintiff testified that she did not know the value of pianos, and that she trusted to defendant's agent to sell her a good one; that he represented to her that it was a good one, and that it was worth $250. She does not claim the piano is not of the kind described in the contract; but says she afterwards learned it was a cheap one, and not worth the money which she had agreed to pay; that it was not worth more than $50. The fraud relied on is the misrepresentation of the defendant's agent as to the value of the piano. A witness for plaintiff, M. Daum, who was a music teacher, and apparently a tuner and repairer of pianos, testifies that the piano ought not to have cost the dealer more than from $115 to $125 when new, and ought to sell for about $175. But the fact that plaintiff had agreed to pay more for the piano than it was worth, is not alone sufficient to establish such fraud as would entitle her to be relieved against her contract. If courts would undertake to relieve parties from the effects of their contracts, simply because they had been induced to buy a thing for more than it was worth, they would be kept very busy indeed. Courts will not thus assume the guardianship over people who are *sui juris.* "Mere inadequacy of consideration which is a species of constructive fraud is not of itself sufficient to justify a court of equity in setting aside a deed or other contract, unless the inadequacy be such as to justify the presumption of fraud or collusion; and to justify such presumption from inadequacy alone it must be so strong and manifest such an inadequacy as to shock the conscience and confound the judgment of any man of common sense." Hogg's Eq. Prin., section 51. This principle applies whether the thing be personal property or real estate. If inadequacy of price is not sufficient reason to set aside a contract on application of the seller, it follows that the purchaser can not avoid it on the ground that the price which he has agreed to

pay is too much. It was held in the case of *Bradford* v. *Mc-
Conihay,* 15 W. Va. 732, that even one-half the value only was
not such inadequacy as would authorize the cancellation of the
deed. *Pennypacker* v. *Laidley,* 33 W. Va. 625; 6 Cyc. 286; 14
A. & E. E. L. 124. There was no confidential relation existing
between defendant's agent and plaintiff, and, therefore, no rea-
son why she should have relied on his judgment rather than
upon her own. If she had not sufficient knowledge of pianos, and
of their value, to risk her judgment in buying one, she should
not have signed the contract; it was her voluntary act. If she
agreed to pay too much, she did nothing more than the great
majority of people are doing nearly all the time. There is no
proof that the agent sold plaintiff the piano at a higher price
than that fixed by defendant company, or that the price was not
the general market price of the particular kind and make of
piano which she bought. Neither is it proven that the piano
was not of the particular kind and make that the agent repre-
sented it to be. According to the testimony of witness Daum,
$175 would have been a reasonable price. Plaintiff agreed to
pay $250, all of which, except $20, was to be paid in monthly
instalments of $6 each. When it is remembered that plaintiff
was given immediate possession of the piano and was to have
the right to a continuous use of it throughout the long period
of payments, $250 is not such an unreasonable price as to shock
the moral conscience, and establish the claim of fraud. More-
over, plaintiff appears to have been satisfied with her purchase
for a long time after she had possession of the piano. She made
five monthly payments, and it does not appear that she expressed
to defendant any dissatisfaction until after she had fallen in
arrears in the monthly payments, and the defendant had brought
an action of detinue before a justice of the peace to recover pos-
session under the terms of the contract which provided that title
should remain in the seller until all deferred payments were
made. When defendant brought its action of detinue plaintiff
then brought this suit in equity to cancel the contract.

We are clearly of the opinion that plaintiff has failed to prove
a case entitling her to equitable relief. We will, therefore, re-
verse the decree of the lower court, and will render such decree
as the lower court should have rendered, which will be to dismiss
plaintiff's bill.                    *Reversed and Bill Dismissed*